### ADA BANSE, ADMX., ETC., v. GUSTAVE MUHME, GUARDIAN.

ACTION FOR A YEAR'S ALLOWANCE.

In an action for a year's allowance by a child under fifteen years of age and residing in Germany, against the estate of her father who resided in this state, it appearing that the child's father came to this country leaving a wife and this child in Germany, from whom he procured a divorce and then married again, and at the time of his death he left surviving him, a wife and two children, who received their yearly allowance, which was made without any knowledge that there was another child under fifteen years of age: *Held*, that such child was entitled to her yearly allowance, although she was never a resident of Ohio, and the fact that such child upon proving her paternity, received a distributive share of her father's estate, does not constitute a bar to her claim for a year's allowance.

ERROR.

KING, J.

This was an application to the probate court of Lucas county by Gustave Muhme, as guardian, for an allowance to a certain child of one Otto Banse, to be made to it under sections 6040 and 6041 Revised Statutes, which provide for the allowance to the widow and children under the age of fifteen years, a years' provisions, and other property or money sufficient for their support for one year. The probate court allowed the sum of $150 to this child, who was about twelve or thirteen years of age. That was appealed to the common pleas court, and heard there, and the same allowance made as in the probate court. The case is here on error to the judgment of the court of common pleas.

It seems that the decedant, Otto Banse, was a native of Germany, who came to this country a dozen years ago, leaving behind him a wife and child. Some four or five years after he came to this country he pro-

Banse, Admx., v. Muhme, Guardian.

..ured a divorce from his wife in this country, on the ground of wilful absence, and thereafter married, and by the second marriage had two children. He died, leaving a widow and these two children. An allowance was made to the widow and two children in this country, without any knowledge that there was another child anywhere, under the age of fifteen. But finally information was received of that, and the child through its attorneys put in a claim against the estate for its distributive share of the estate, and such proceedings were had that its paternity and rights were established. The land of the estate was sold, and this child's distributive share was estimated in money, and paid to it about $1000. After receiving that sum of money the child made this claim in the probate court through its counsel for a year's support, and it was allowed, and that allowance, on appeal to the court of common pleas, was there affirmed.

It is claimed here that this child ought not to have received that, because she was never a resident of Ohio, and does not reside here now; and for that matter, does not reside in this country. It was also claimed in argument that this allowance for a year's support was included in the distributive share of the estate paid to her, and that was a bar to this action. As there is no similarity in the two proceedings, we do not think that the receipt of the share of the estate would be a bar to her claim for a year's support. Neither do we see any ground for the argument that because she is foreign born, and lives in a foreign land, the situation is different from what it would be if she lived here.

This allowance for a year's support, we think, is not made for any purpose except as a continuation for a period of time of the obligation that existed at the time of the death of the parent. That obligation is one that is established by natural law, as well as the law of every civilized land, that the father must support his children. It is not alone known in Ohi , but in every other land. This obligation often finds itself in an express statute, and sometimes not; but whether it does or not, it is the law: the father must support his children. In Ohio the legislature have said recently (in 1887) that the husband must support himself, his wife, and his minor children, out of his property or by his labor. In 45 O. S., the supreme court held in *Pretzinger* v. *Pretzinger*, page 452, that a father was bound to pay for the support of his child, even though a divorce had been granted to the wife, and the wife had been given the custody of the child, and she had been allowed alimony in a gross sum. No specific allowance having been made for the support of the minor children, still he was bound to support them, and the divorced wife can maintain a suit in her own right directly for all that has been expended for the necessary support of said minor children. And in the opinion the court says:

"The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law. And he is under obligation to support them, not only by the laws of nature, but by the laws of the land. As said by Chancellor Kent, 'The wants and weaknesses of children renders it necessary that some person maintain them, and the voice of nature has pointed out the parent as the most fit and proper person.' This natural duty is not to be evaded by the husband's so conducting himself as to render it necessary to dissolve the bonds of matrimony, and give to the mother the custody and care of the infant offspring. It is not the policy of the law to deprive

7 Dec. 15

children of their rights on account of the dissensions of their parents, to which they are not parties."

That is only a recognition of a well established principle of law that the parent must support the child, and that duty primarily devolves upon the father. As I say, as a continuation of that relationship, the legislature have provided that for one year next ensuing after the death of the father there shall be allowed a sum sufficient for the support of the widow and such children as there may be under the age of fifteen. This child is under the age of fifteen. No matter if circumstances may have thrown her life in another country, still the relationship existed, and the obligation upon the father while he lived to support that child in his lifetime was just as binding and obligatory as it would have been if she had been under his own roof. We think this statute is broad enough to authorize an allowance from his estate if a sum sufficient for her support for one year. The allowance in this case could not have been unreasonable, since the judgment was for only $150. So we think the judgment of the lower court is correct, and it is affirmed.

*L. H. Wilkinson*, for Plaintiff in Error.
*Samuel Kohn*, for Defendant in Error.